974 F.2d 1351
 298 U.S.App.D.C. 1
 AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
Ameritech Operating Companies (Illinois Bell, Indiana Bell,
Michigan Bell, Ohio Bell & Wisconsin Bell), et
al., Intervenors.
 No. 91-1178.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued April 13, 1992.
Decided Sept. 8, 1992.
 
 Jules M. Perlberg, with whom David D. Hiller, Chicago, Ill., and Francine J. Berry, Basking Ridge, N.J., were on the brief, for petitioner. Peter D. Keisler and C. John Buresh Washington, D.C., entered appearances, for petitioner.
 Jane E. Mago, Atty., F.C.C. ("FCC"), with whom James F. Rill, Asst. Atty. Gen., Catherine G. O'Sullivan, and Robert J. Wiggers, Attys., U.S. Dept. of Justice, and Robert L. Pettit, Gen. Counsel, F.C.C., John E. Ingle, Deputy Associate Gen. Counsel, F.C.C., and Laurence N. Bourne, Atty., F.C.C., Washington, D.C., were on the brief, for respondents. Laurel R. Bergold, Atty., F.C.C., Washington, D.C., also entered an appearance, for respondents.
 
 
 1
 Floyd S. Keene, Michael S. Pabian, Chicago, Ill., and Alfred Winchell Whittaker, Washington, D.C., entered appearances, for intervenor Ameritech Operating Cos.
 
 
 2
 Martin T. McCue and William R. Malone, Washington, D.C., entered appearances, for intervenor U.S. Telephone Ass'n.
 
 
 3
 Robert B. McKenna, Denver, Colo., and Lawrence E. Sarjeant, Washington, D.C., entered appearances, for intervenor U.S. West Communications, Inc.
 
 
 4
 John M. Glynn, Gary L. Lieber, and J. Thomas Esslinger, Washington, D.C., entered [298 U.S.App.D.C. 2] appearances, for intervenor The Maryland People's Counsel.
 
 
 5
 Charles C. Hunter and James S. Blaszak, Washington, D.C., entered appearances, for intervenor Ad Hoc Telecommunications Users Committee.
 
 
 6
 Jeffrey B. Thomas, James P. Tuthill, Margaret deB. Brown, San Francisco, Cal., and Stanley J. Moore, Washington, D.C., entered appearances, for intervenors Pacific Bell and Nevada Bell.
 
 
 7
 Mary McDermott, White Plains, N.Y., and Donald W. Boecke, Washington, D.C., entered appearances, for intervenors NYNEX Telephone Cos.
 
 
 8
 Howard C. Davenport and Peter G. Wolfe, Washington, D.C., entered appearances, for intervenor Public Service Commission of the District of Columbia.
 
 
 9
 Thomas A. Pajda and Richard C. Hartgrove, St. Louis, Mo., entered appearances, for intervenor Southwestern Bell Telephone Co.
 
 
 10
 Brian R. Moir, Washington, D.C., entered an appearance, for intervenor International Communications Ass'n.
 
 
 11
 Michael B. Fingerhut and Leon M. Kestenbaum, Washington, D.C., entered appearances, for intervenor U.S. Sprint Communications Co. Ltd. Partnership.
 
 
 12
 Michael D. Lowe and John Thorne, Washington, D.C., entered appearances, for intervenors Bell Atlantic Telephone Cos.
 
 
 13
 Gail L. Polivy, Washington, D.C., and Richard McKenna, Irving, Tex., entered appearances, for intervenors GTE Service Corp. and the GTE Telephone Operating Cos.
 
 
 14
 Gene Kimmelman, Washington, D.C., entered an appearance, for intervenor Consumer Federation of America.
 
 
 15
 Paul Rodgers, Charles D. Gray, and James Bradford Ramsay, Washington, D.C., entered appearances, for intervenor Nat. Ass'n of Regulatory Utility Com'rs.
 
 
 16
 Before SILBERMAN, BUCKLEY, and WILLIAMS, Circuit Judges.
 
 
 17
 Opinion for the court filed by Circuit Judge BUCKLEY.
 
 BUCKLEY, Circuit Judge:
 
 18
 In 1989, the Federal Communications Commission adopted a new approach to regulating the rates that American Telephone & Telegraph Company may charge for its various telecommunications services. Under the new arrangement, the FCC places a cap on the average price that AT & T may charge for particular groups, or "baskets," of services. Thus, if the company raises the rates charged for one service, it must reduce those of one or more of the others in the particular basket, so that the average price of the services remains below the cap established by the FCC.
 
 
 19
 AT & T challenges an order amending the price cap regulation to exclude promotional rates from the calculation of weighted average prices. AT & T contends that the order amending the regulation represents a change in policy; the FCC insists that it is merely a clarification of the previous order establishing the price cap system. AT & T also claims that the FCC's action constitutes unlawful retroactive rulemaking. Because we conclude that the FCC did not adequately explain its decision to exclude promotional rates from price calculations, we remand to the Commission for further consideration.
 
 I. BACKGROUND
 
 20
 On April 17, 1989, the FCC issued an order adopting a new method for regulating the rates charged by AT & T for its telephone services. See Policy and Rules Concerning Rates for Dominant Carriers, 4 F.C.C.R. 2873 (1989) ("Price Cap Order"). This regulation established a "price cap index," id. at 2969, that serves as a price ceiling for each of three "baskets" of AT & T services. These baskets are comprised of: (1) residential and small business services; (2) "800" number services; and (3) all other business services. Id. at 3052-53. The Commission establishes separate price caps for each of the three baskets.
 
 
 21
 AT & T has substantial flexibility to alter the rates for individual services within a [298 U.S.App.D.C. 3] given basket so long as the weighted average of all prices for services within the basket remains below the cap. Such a change in the rate for an individual service ("tariff revision") is presumptively lawful and may take effect fourteen days after AT & T files a tariff revision notice with the Commission. Id. at 3095, 3097-3100. Under this streamlined filing procedure, AT & T is spared the need to file the voluminous cost support data ordinarily required by the FCC for rate changes, id. at 3095; by the same token, a party opposing such a change faces a heavy burden to overcome the presumption of validity. Id.
 
 
 22
 In contrast, proposed rate changes that push a basket price index above the cap face stringent FCC scrutiny. "While AT & T will be given a fair opportunity to justify any above-cap rates," it must make a "difficult showing." Id. at 3110. Moreover, full cost-based support data have to be filed, id. at 3109, and "considerable time [ ] elapse[s] between the time AT & T decide[s] it want[s] an above-cap rate and the time such a rate [goes] into effect, if at all." Id. at 3110.
 
 
 23
 In a petition for reconsideration of the Price Cap Order, MCI Telecommunications Corporation asked the FCC to "clarify how 'promotional' service offerings will be treated under price caps." MCI Petition for Reconsideration at 19 (June 8, 1989), reprinted in Joint Appendix ("J.A.") at 661. AT & T defines "promotional offerings" as
 
 
 24
 price reductions that generally are of defined duration, ranging from less than one day to 6 months, and have served customers in ways as varied as providing free service to American service people in Saudi Arabia, to making available sharply discounted rates for calls made at specified times during the summer, to offering reductions in the prices of AT & T's business services.
 
 
 25
 AT & T Submission to the FCC at 1 (Dec. 20, 1990) ("AT & T Submission"), reprinted in J.A. at 710. MCI argued that these short-term price reductions should be excluded from price cap treatment, with the result that AT & T would not be allowed to offset these promotional reductions by increasing the prices of other services. See MCI's Petition for Reconsideration at 22, reprinted in J.A. at 664. AT & T opposed reconsideration, asserting that the "Commission's existing price cap rules set forth explicitly" that price cap indexes would include promotional rates. AT & T Submission at 1-2, reprinted in J.A. at 710-11.
 
 
 26
 On February 8, 1991, the FCC issued the order that is the subject of this appeal. See Policy and Rules Concerning Rates for Dominant Carriers, 6 F.C.C.R. 665 (1991) ("Reconsideration Order"). The FCC began the section headed "Promotional offerings" by stating:
 
 
 27
 Promotional pricing activities are not discussed in the AT & T Price Cap Order.... We agree that clarification of the treatment of promotional price changes is needed, particularly in view of AT & T's expanded use of promotions in the last few years.
 
 
 28
 ....
 
 
 29
 We decide that, in general, promotional pricing should not be credited in price index calculations.
 
 
 30
 Id. at 670 (footnotes omitted). The FCC then amended its regulations to exclude promotional offerings from price cap index calculations. Id. at 680-81, codified at 47 C.F.R. § 61.42(c)(7) (1991). The Commission further stated that the exclusion of promotional offerings would
 
 
 31
 apply to current index levels. We require AT & T to submit in its next tariff filings for each of the baskets, revised Actual Price Index ... values, deleting any credit for promotions that are currently in effect, and that have received index credit.
 
 
 32
 Id. at 671.
 
 
 33
 AT & T asks us to vacate the Reconsideration Order as arbitrary and capricious because the Commission has failed to provide an adequate explanation for what the company describes as a change of policy with respect to the treatment of promotional rates. It also argues that the provision quoted immediately above violates the Administrative Procedure Act's ("APA") prohibition on retroactive rulemaking. Brief [298 U.S.App.D.C. 4] for Petitioner at 23-26 (citingGeorgetown University Hospital v. Bowen, 821 F.2d 750, 757 (D.C.Cir.1987), aff'd, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988)). The FCC asserts that AT & T's challenge is barred by section 405 of the Communications Act, 47 U.S.C. § 405 (1988), because the company failed to present these arguments in a petition for reconsideration.
 
 II. DISCUSSION
 A. Standard of Review
 
 34
 We will set aside an agency action if we find it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1988). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983). An agency must nevertheless "examine the relevant data and articulate a satisfactory explanation for its action." Id. Accordingly, we will not uphold an agency's action where it has failed to offer a reasoned explanation that is supported by the record. See id.
 
 B. Section 405
 
 35
 The FCC asserts that we are barred from hearing this challenge by section 405 of the Communications Act, 47 U.S.C. § 405. Section 405 provides, in relevant part, that
 
 
 36
 [t]he filing of a petition for reconsideration shall not be a condition precedent to judicial review of any such order, decision, report, or action, except where the party seeking such review ... relies on questions of fact or law upon which the Commission ... has been afforded no opportunity to pass.
 
 
 37
 Id. § 405(a)(2) (emphasis added). We have construed this section as codifying the exhaustion of administrative remedies doctrine, which "requires complainants, before coming to court, to give the FCC a fair opportunity to pass on a legal or factual argument." City of Brookings Mun. Tel. Co. v. FCC, 822 F.2d 1153, 1163 (D.C.Cir.1987) (internal quotations and citations omitted). As AT & T has not filed a petition for reconsideration, we must determine whether the Commission has had the opportunity to consider the arguments advanced here.
 
 
 38
 Contrary to what the Commission suggests, we find that the FCC had ample opportunity to consider AT & T's claim that the Reconsideration Order was a rulemaking in the disguise of a clarification. The company submitted a memorandum to the FCC two months prior to the issuance of the Reconsideration Order in which it asserted that the existing price cap rules required inclusion of promotional rates in the price cap index. See AT & T Submission at 1-6, reprinted in J.A. at 710-15. The Commission effectively rejected this argument when it amended its regulation to exclude promotional rates from the index with the explanation that it was merely clarifying the Price Cap Order.
 
 
 39
 AT & T argues that its submission also satisfied the section 405 exhaustion requirement with respect to its claim that the order has been given retroactive effect in violation of the APA. Moreover, in its reply brief, the company alludes to the futility exception to the administrative exhaustion doctrine. Because we suspend the Reconsideration Order and remand it for reconsideration on other grounds, the question of its retroactive application is moot. Accordingly, we do not decide whether AT & T is barred, by section 405, from presenting its retroactivity arguments in this proceeding; nor do we reach their merits.
 
 C. The Merits
 
 40
 The FCC asserted, in the Reconsideration Order, that it was merely "clarifying" in the original Price Cap Order. See, e.g., Reconsideration Order, 6 F.C.C.R. at 671 ("Since our decision is predicated upon enforcing the price cap structure as we believe it was originally adopted, we believe that the clarification should be applied to existing measures of AT & T prices.") (emphasis added). AT & T maintains, [298 U.S.App.D.C. 5] however, that the Price Cap Order included promotional rates; therefore, the Commission's "clarification" was actually an amendment of the FCC's prior rules. Accordingly, AT & T asks us to set aside the Reconsideration Order as arbitrary and capricious.
 
 
 41
 In support of its position, AT & T notes that the original price cap rules included "[a]ny tariff filing involving a service that is within a price cap basket...." 47 C.F.R. § 61.3(w) (1990) (emphasis added). Although the original rules excluded certain services from price cap baskets, promotional rates were not among them. See id. § 61.42(c). AT & T also points out that, in Appendix B to the Reconsideration Order, the FCC explicitly amended the prior rules to include promotional rates among the specific exclusions from price cap baskets. See Reconsideration Order, 6 F.C.C.R. at 680-81.
 
 
 42
 Finally, AT & T argues that the FCC staff understood the Price Cap Order to include promotional rates within the price cap index. AT & T asserts that, following the Price Cap Order, the FCC accepted more than ninety filings for promotional rates in which AT & T clearly stated that it was adjusting the appropriate price cap index to reflect the promotional rate reductions. See AT & T Submission at 1, 3-4, reprinted in J.A. at 710, 712-13.
 
 
 43
 The FCC ignores all of AT & T's arguments and stands by its original explanation that the Reconsideration Order merely clarifies and elaborates the original Price Cap Order. The Commission, however, fails to cite any ambiguity in the Price Cap Order or its resulting rules that raise questions concerning the proper treatment of promotional rates under that order. The FCC also argues that "whether the FCC's action is a clarification or a change of policy," the Reconsideration Order adequately explained the policy of excluding promotional rates from the price cap baskets. Brief for Respondents at 23. The "explanations" fall short of the mark. The Reconsideration Order's conclusory assertions do not answer the strong arguments raised by AT & T in support of its position that the order in fact changed the original price cap rules. Nor can we accept the Reconsideration Order as a valid rulemaking because (quite understandably, given the FCC's position) it offers no explanation to support a change in policy with regard to promotional rates.
 
 
 44
 We conclude that the Reconsideration Order is arbitrary and capricious for want of an adequate explanation and remand it for further consideration. If, on remand, the FCC again decides to exclude promotional rates from average price calculations, it will have to provide an adequate explanation for doing so. If it still considers this action to be a clarification of the Price Cap Order, it must address the considerable contrary evidence presented by AT & T. On the other hand, if the Commission decides that its action constitutes a change in the original price cap rules, it must offer a reasoned explanation of why promotional rates should be treated differently from other rates.
 
 III. CONCLUSION
 
 45
 For the foregoing reasons, we remand this petition to the FCC for further consideration consistent with this opinion.
 
 
 46
 So ordered.